UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PATRICK BOYER<br>*Plaintiff*, | )    CASE NO. 3:21-cv-00918 (KAD)<br>)<br>) |
| v. | )<br>) |
| TRANSUNION, LLC<br>*Defendant*. | )    FEBRUARY 1, 2023<br>) |

<u>**MEMORANDUM OF DECISION**</u>
<u>**RE: MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NO. 37)**</u>

Kari A. Dooley, United States District Judge:

This case is one of many filed in district courts across the nation challenging the way consumer reporting agencies such as Defendant TransUnion, LLC report closed credit accounts which have historically past-due payment statuses. Plaintiff Patrick Boyer brings this action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, alleging that Defendant's reporting of one of the accounts on his credit report as "120 Days Past Due" is inaccurate and misleading to potential creditors regarding whether the account in question is currently past due. Defendant moves for judgment on the pleadings and argues that the credit report accurately reflects Plaintiff's historical pay status and that the report, when reviewed in its entirety, could not mislead a reasonable creditor to believe that the account is currently past due. For the reasons set forth below, Defendant's motion for judgment on the pleadings, ECF No. 37, is GRANTED.

**STANDARD OF REVIEW**

Rule 12(c) of the Federal Rules of Civil Procedure provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "A party may move for judgment on the pleadings 'if, from the pleadings, the moving party is entitled to judgment as a matter of law.'" *Rojas v. Berryhill*, 368 F. Supp. 3d 668, 669 (S.D.N.Y.

2019) (quoting *Burns Int'l Sec. Serv., Inc. v. Int'l Union, United Plant Guard Workers*, 47 F.3d 14, 16 (2d Cir. 1995)). "The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Hogan v. Fischer*, 738 F.3d 509, 514–15 (2d Cir. 2013) (quoting *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006)). Under this standard, the Court must accept the complaint's factual allegations as true and must draw inferences in the plaintiff's favor. *Littlejohn v. City of N.Y.*, 795 F.3d 297, 306 (2d Cir. 2015).

Moreover, the motion "must be decided on 'facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and matters of which judicial notice may be taken.'" *Lunardini v. Mass. Mut. Life Ins. Co.*, 696 F. Supp. 2d 149, 155 (D. Conn. 2010) (brackets omitted) (quoting *Leonard F. v. Israel Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999)). The "complaint must 'state a claim to relief that is plausible on its face,'" setting forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Kolbasyuk v. Cap. Mgmt. Servs., LP*, 918 F.3d 236, 239 (2d Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Accordingly, 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (brackets omitted) (quoting *Iqbal*, 556 U.S. at 678).

**ALLEGATIONS**

Plaintiff Patrick Boyer alleges that in September 2020, he noticed that Defendant TransUnion, LLC, a consumer reporting agency, was reporting a tradeline for Ocwen Loan Servicing, LLC ("Ocwen") on his credit report "with a zero balance and a 120 Days Past Due account status." Compl. ¶¶ 7, 9–10, ECF No. 1. However, Plaintiff alleges that he "has a zero

balance and zero monthly obligations" and is not "currently delinquent on payments" to Ocwen. *Id.* ¶¶ 13, 16.

Plaintiff's Complaint does not provide any further factual detail regarding the Ocwen account or Defendant's reporting of it. A review of Plaintiff's TransUnion credit report indicates that he opened a conventional real estate mortgage account with Ocwen on October 12, 2006, and that the account was transferred to another lender and closed on June 1, 2019. *See* Def.'s Mot. J. Pls. Ex. A ("Credit Report") at 4, ECF No. 37-2.[1] The relevant portion of the credit report appears as follows:

| OCWEN LOAN SVCG LLC | ( 1661 WORTHINGTON RD, STE 100, WEST PALM BEACH, FL 33409, (561) 682-8000 ) | | |
|---|---|---|---|
| Date Opened: 10/12/2006 | Balance: $0 | Pay Status: ›Account 120 Days Past Due Date‹ | |
| Responsibility: Joint Account | Date Updated: 06/01/2019 | Terms: Monthly for 372 months | |
| Account Type: Mortgage Account | Last Payment Made: 03/19/2019 | Date Closed: 06/01/2019 | |
| Loan Type: CONVENTIONAL REAL ESTATE MTG | High Balance: $444,000 | ›Maximum Delinquency of 120 days in 11/2015 and in 06/2019‹ | |

Remarks: TRANSFERRED TO ANOTHER LENDER
Estimated month and year that this item will be removed: 09/2024

| | 05/2019 | 04/2019 | 03/2019 | 02/2019 | 01/2019 | 12/2018 | 11/2018 | 10/2018 | 09/2018 | 08/2018 | 07/2018 | 06/2018 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | X | X | 120 | 120 | X | X | 120 | 120 | 120 | 120 | 120 |
| | 05/2018 | 04/2018 | 03/2018 | 02/2018 | 01/2018 | 12/2017 | 11/2017 | 10/2017 | 09/2017 | 08/2017 | 07/2017 | 06/2017 |
| Rating | 120 | 120 | 120 | 120 | 90 | 60 | 60 | OK | OK | OK | 120 | 120 |
| | 05/2017 | 04/2017 | 03/2017 | 02/2017 | 01/2017 | 12/2016 | 11/2016 | 10/2016 | 09/2016 | 08/2016 | 07/2016 | 06/2016 |
| Rating | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 |
| | 05/2016 | 04/2016 | 03/2016 | 02/2016 | 01/2016 | 12/2015 | 11/2015 | 10/2015 | 09/2015 | 08/2015 | 07/2015 | 06/2015 | 05/2015 | 04/2015 | 03/2015 | 02/2015 |
| Rating | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 90 | 60 | 60 | 60 | 60 | 60 | 60 | 30 | 30 |
| | 01/2015 | 12/2014 | 11/2014 | 10/2014 | 09/2014 | 08/2014 | 07/2014 | 06/2014 | 05/2014 | 04/2014 | 03/2014 | 02/2014 | 01/2014 | 12/2013 | 11/2013 | 10/2013 |
| Rating | 30 | 30 | OK | 30 | OK | 30 | 60 | OK | 30 | OK | OK | OK | 30 | OK | OK | OK |
| | 09/2013 | | | | | | | | | | | | | | | |
| Rating | OK | | | | | | | | | | | | | | | |

Credit Report at 4.

As shown above, the credit report reflects that the Ocwen account: 1) has a zero-dollar balance; 2) was last updated on June 1, 2019; 3) was closed on June 1, 2019; 4) was transferred to

---

[1] Exhibit A of Defendant's motion for judgment on the pleadings, entitled "Consumer Disclosure," includes a redacted copy of Plaintiff's credit report dated 09/18/2020. *See* Credit Report at 3–7. Although Plaintiff did not attach a copy of the disputed credit report to his complaint or otherwise incorporate the report by reference, Plaintiff does not object to the Court's consideration of the report; indeed, Plaintiff himself references the report in his opposition memorandum. *See* Pl.'s Mem. in Opp'n at 1, 13 n.3, ECF No. 39. Because there is no dispute as to the authenticity of the report contained in Exhibit A and the credit report is integral to Plaintiff's complaint, the Court will consider the credit report in ruling on Defendant's motion for judgment on the pleadings. *See Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint, the court may nevertheless take the document into consideration in deciding the defendant's motion to dismiss, without converting the proceeding to one for summary judgment." (internal quotation omitted)).

3

another lender; 5) was last paid on March 19, 2019; and 6) had a maximum delinquency of 120 days in November 2015 and June 2019. *Id.* The "Rating" field of the report reflects that Plaintiff's payments on the Ocwen account were repeatedly reported as late between September 2013 and May 2019. *Id.* The last known rating for the account is "120+ days late" in February 2019, and the report does not list rating information beyond the month and year of the account closure date. *Id.* at 3–4.[2]

Plaintiff does not dispute the accuracy of the reporting described above, but does take issue with the "Pay Status" line for the Ocwen account that states, "Account 120 Days Past Due Date." Noting what he believed to be an inconsistency due to "being marked late while no balances existed," Plaintiff sent a dispute letter to Defendant on or around September 22, 2020 and "requested that an investigation be conducted, and that the inaccurate information be updated." Compl. ¶ 15. Defendant allegedly notified Ocwen of the dispute and verified that the reporting on the Ocwen account was accurate. *Id.* ¶¶ 17–18. Defendant therefore continued reporting the information as listed above, including the "Account 120 Days Past Due Date" pay status. *Id.* ¶ 18.

Plaintiff claims that "[t]he payment status field is specifically designed to be understood as the current status of the account," and that his "credit score is negatively impacted" by Defendant's reporting as a result "because the credit report is being interpreted to mean that Plaintiff is currently late" "when that [is] not the case." *Id.* ¶¶ 12–13, 16. Plaintiff alleges that he has suffered "aggravation, humiliation, and [the] embarrassment of a lower credit score." *Id.* ¶ 19.

Plaintiff filed the instant action on July 6, 2021, alleging that Defendant's continued reporting of a "120 Days Past Due Date" pay status for the Ocwen loan on his credit report violates two provisions of the FCRA. First, Plaintiff alleges that by reporting a "Past Due" pay status on

---

[2] The Rating field lists ratings of "X," or "Unknown," for the months of March, April, and May 2019. No ratings are listed after May 2019. *See* Credit Report at 4–5.

4

an account with a zero-dollar balance, Defendant failed "to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff" in violation of § 1681e(b) of the FCRA. *See id.* ¶¶ 28–30. Second, Plaintiff alleges that, after being alerted to the alleged inaccuracy on Plaintiff's credit report, Defendant failed to "conduct a reasonable investigation" in violation of § 1681i of the FCRA. *See id.* ¶¶ 23–26. Now pending before the Court is Defendant's motion for judgment on the pleadings, ECF No. 37.

**DISCUSSION**

"Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). "The FCRA places distinct obligations on three types of entities: consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies." *O'Diah v. New York City*, No. 02 CIV. 274 (DLC), 2002 WL 1941179, at *12 (S.D.N.Y. Aug. 21, 2002). Here, there is no dispute that Defendant is a consumer reporting agency[3] under the FCRA. *See* Compl. ¶ 7; Answer ¶ 7, ECF No. 12.

"The FCRA creates a private right of action against credit reporting agencies for the negligent or willful violation of any duty imposed under the statute." *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 473 (2d Cir. 1995) (citations omitted). Pursuant to section 1681e(b), "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). If an individual disputes the accuracy of any information contained in a credit report with a consumer reporting agency, then, pursuant to section 1681i(a), the agency is required to notify the furnisher of the information of the dispute

---

[3] Also known as a "credit reporting agency." *See, e.g.*, *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 269 (2d Cir. 2023) (using both terms interchangeably).

and "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." *Id.* § 1681i.

To state a claim against a consumer reporting agency for a violation of either § 1681e(b) or § 1681i, "a plaintiff must allege facts showing," *inter alia*, "that the disputed information was inaccurate." *Gross v. Priv. Nat'l Mortg. Acceptance Co.*, 512 F. Supp. 3d 423, 426 (E.D.N.Y. 2021). "[T]he threshold question is whether the challenged credit information is accurate; if the information is accurate, no further inquiry into the reasonableness of the consumer reporting agency's procedures is necessary." *Watson v. Caruso*, 424 F. Supp. 3d 231, 244 (D. Conn. 2019) (quotation omitted). "[A] credit report is inaccurate 'either when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect.'" *Mader*, 56 F.4th at 269 (quoting *Shimon v. Equifax Info. Servs. LLC*, 994 F.3d 88, 91 (2d Cir. 2021)). "'Mere imprecision' is not enough. 'Rather, a plaintiff must establish that the information provided by the [consumer reporting agency] is open to an interpretation that is directly contradictory to the true information.'" *Gross*, 512 F. Supp. 3d at 426 (internal citation omitted) (quoting *Wenning v. On-Site Manager, Inc.*, No. 14-cv-9693, 2016 WL 3538379, at *9 (S.D.N.Y. June 22, 2016)).

Defendant moves for judgment on the pleadings, arguing that Plaintiff has failed to allege as a threshold matter that the information on Plaintiff's credit report was inaccurate. *See* Def.'s Mem. in Supp. at 4–5, ECF No. 37-1. Defendant argues that the "pay status" line on Plaintiff's credit report is a historical reference, and that the report accurately reflects that, historically, Plaintiff had a pay status on the Ocwen account of "120 Days Past Due." *See id.* Moreover, Defendant argues that the "Pay Status" line of the credit report cannot be read in isolation, and that

6

a creditor reviewing Plaintiff's credit report in its entirety could not be reasonably misled to believe that the account is currently past due. *Id.* at 7.

Plaintiff responds that, "given the specific reporting of the account," "the only proffered interpretation [of the credit report] that actually makes any sense" is that the pay status inaccurately conveys that the account is *currently* 120 days past due. Pl.'s Mem. in Opp'n at 1–2. Plaintiff urges the Court to follow the few cases that have declined to hold that similar credit reports were not inaccurate or materially misleading as a matter of law. *Id.* at 6–11. Plaintiff further argues that the question of whether the report is misleading is ultimately for a jury to decide, and therefore that it is improper for the Court to decide the issue on a motion for judgment on the pleadings. *Id.* at 12.

The Court agrees with Defendant. As an initial matter, the Court determines that it is appropriate to resolve the instant dispute at this procedural juncture. Although "[t]he question of whether information that is 'technically correct' is materially misleading is generally a matter for the jury" to decide, where "the parties provide the reported information in dispute and the court determines only one reasonable interpretation of the report exists, a court may determine the accuracy of the report as a matter of law." *Gibbs v. Trans Union LLC*, No. 2:21-CV-00667-JDW, 2021 WL 4439546, at *2 (E.D. Pa. Sept. 28, 2021), *aff'd*, No. 22-1075, 2023 WL 193157 (3d Cir. Jan. 4, 2023) (quotation omitted). Indeed, courts faced with near-identical facts routinely determine, as a matter of law, that credit reports reporting past-due pay statuses on closed accounts are neither technically inaccurate nor materially misleading.[4] Likewise, here, Plaintiff's credit

---

[4] *See, e.g.*, *Gross*, 512 F. Supp. 3d at 427; *Wilcox v. Trans Union, LLC*, No. 20-CV-4730 (JPO), 2022 WL 2953660, at *2 (S.D.N.Y. July 26, 2022); *Samoura v. Trans Union LLC*, No. Civ. 20-5178, 2021 WL 915723, at *4 (E.D. Pa. Mar. 10, 2021), *aff'd sub nom. Bibbs v. Trans Union LLC*, 43 F.4th 331 (3d Cir. 2022); *Pineda v. Trans Union, LLC*, No. 2:21-CV-653-SPC-MRM, 2021 WL 5798282, at *3 (M.D. Fla. Dec. 7, 2021); *Settles v. Trans Union, LLC*, No. 3:20-CV-00084, 2020 WL 6900302, at *5 (M.D. Tenn. Nov. 24, 2020); *Duren v. TransUnion, LLC*, No. 1:20-CV-02146-CL, 2021 WL 3463896, at *3 (D. Or. May 14, 2021), *report and recommendation adopted*, No. 1:20-CV-02146-CL, 2021 WL 3574870 (D. Or. Aug. 12, 2021); *Egues v. Nelnet Servicing, LLC*, No. Civ. 21-802(SDW)(LDW), 2021 WL 3486904, at *3 (D.N.J. Aug. 9, 2021), *reconsideration denied*, No. Civ. 21-802(SDW)(LDW), 2021 WL 8443766 (D.N.J. Sept. 14, 2021); *O'Neal, v. Equifax Info. Servs., LLC*, No. 21-CV-80968-RAR, 2021 WL 4989943,

report is only susceptible to one reasonable interpretation: that the "Pay Status" field of the report is a historical reference.

In assessing the accuracy of a credit report, a court must consider the report in its entirety rather than focusing only upon a single entry. *See Gross*, 512 F. Supp. 3d at 426–27; *Samoura*, 2021 WL 915723, at *7; *Bibbs*, 43 F.4th at 342. For example, in the near-identical case of *Gross*, the court determined that a credit report reflecting a pay status of "Account 30 Days Past Due Date" was not materially misleading because the report also reflected that the account: 1) had a zero-dollar balance; 2) was last updated and closed in October 2018; 3) was last paid in September 2018; and 4) was transferred to another lender. *See* 512 F. Supp. 3d at 425, 427. The *Gross* court noted that "[a]n account with a $0 balance cannot currently be past due—what would the debtor have to pay to bring the account current?" and concluded that, reading all of the disputed report's entries together, "the only logical inference is that the account was *previously* 30 days past due. It is simply not plausible to think that a creditor would conclude otherwise." *Id.* at 427 (emphasis in original); *see also Wilcox*, 2022 WL 2953660, at *1–2 (holding that a credit report listing an account's pay status as "Account 30 Days Past Due Date" was not patently incorrect or materially misleading where the other entries on the report clearly conveyed that the pay status line was a historical reference).

Similarly, in *Samoura*, the court held that a credit report reflecting an account that had been closed due to transfer was not patently inaccurate or materially misleading as a matter of law even though the report indicated that the account had a pay status of "Account 120 Days Past Due Date." 2021 WL 915723, at *4–9. The *Samoura* court emphasized the fact that the report listed a "Date

---

at *3 (S.D. Fla. Oct. 27, 2021); *Hernandez v. Trans Union LLC*, No. 3:19CV1987-RV/EMT, 2020 WL 8368221, at *3 (N.D. Fla. Dec. 10, 2020); *Palomo v. Trans Union, LLC*, No. 4:21-CV-904-SDJ-KPJ, 2022 WL 17731824, at *6 (E.D. Tex. Sept. 7, 2022); *Thomas v. Transunion, LLC*, No. CV 21-2241, 2022 WL 1288733, at *1 (E.D. La. Apr. 29, 2022).

Updated" field for the account of "February/March 2015" and that the report's "Ratings Key" did not provide data for the account past March 2015, finding that these entries communicated to creditors that the "Pay Status" field was indicating that the loan was 120 days past due as of "February/March 2015," rather than indicating the account's current pay status. *Id.* at *7. In *Bibbs*, 43 F.4th at 344, the Third Circuit affirmed *Samoura* and two other similar district court decisions. The Third Circuit found that the "reasonable interpretation of the reports in their entirety is that the Pay Status of a closed account is historical information," because the reports contained "multiple conspicuous statements reflecting that the accounts are closed and Appellants have no financial obligations to their previous creditors." *Id.*

This case is no different. Just as in *Gross*, *Samoura*, *Bibbs*, and the dozens of other cases that have reached similar conclusions, Plaintiff's argument that the credit report is misleading simply makes no sense. Plaintiff's credit report clearly reflects that Plaintiff does not currently have any financial obligations to Ocwen: the report lists a balance of "$0" for the Ocwen account, *see Gibbs*, 2021 WL 4439546, at *2 ("Because it is impossible . . . to be late on an account with a $0 balance, no reasonable creditor would read the report that way."), and it shows that the Ocwen account was closed in June 2019 and transferred to another lender, *see Walker v. Trans Union LLC*, No. CV 20-5179, 2021 WL 5866876, at *5 (E.D. Pa. Dec. 10, 2021) (finding that there "is nothing inaccurate or misleading" about a credit report showing a past-due pay status on an account that "was closed in April 2015, is marked as being 'Closed,' and remains closed"). As such, the report could not be reasonably read to provide *any* current information at all, save for the fact that the account is closed and has been since June 1, 2019.

Moreover, like the credit report in *Samoura*, Plaintiff's credit report contains several other entries that convey that the "120 Days Past Due Date" status is a historical reference to the period

9

when Plaintiff did owe payments to Ocwen. For example, the "Date Updated" field of Plaintiff's report indicates that the Ocwen account was last updated on June 1, 2019—the same day that the account was closed—and the report's rating field does not provide data for the account past May 2019. These entries signal that the "120 Days Past Due Date" pay status is historical in nature and sheds no light on any current loan obligations. *See Samoura*, 2021 WL 915723, at *7. Likewise, the report lists a "Maximum Delinquency of 120 days in 11/2015 and in 06/2019," and there is simply "no way to objectively interpret a balance that is 120 days past due" in November 2015 and June 2019 "as tantamount to a balance that is *currently* past due—especially when the Account is clearly marked as *closed*." *O'Neal*, 2021 WL 4989943, at *3 (emphasis in original).

Indeed, nearly every tradeline listed on Plaintiff's credit report contains evidence that Plaintiff owed Defendant money in the past and failed to make timely payments from 2014 to 2019, but that Plaintiff has no current obligation to Ocwen. *See Samoura*, 2021 WL 915723, at *7. Plaintiff does not dispute that he was delinquent on his payments to Ocwen in the past, but rather zeroes in on the "120 Days Past Due Date" pay status to argue that a reasonable creditor would be misled to believe that he currently owes past-due payments on the Ocwen account. Plaintiff is essentially asking the Court to "read in non-existing present tense language into the 'Pay Status' field and ignore the Date Updated field, the Date Closed field, the Balance field, the Remarks field, and the Ratings field to conclude [Defendant] reported inaccurate or misleading information." *Id.* But the Court cannot simply "parse and squint, and consider only the pay status line" in isolation. *Lacey v. TransUnion, LLC*, No. 8:21-CV-519-02-JSS, 2021 WL 2917602, at *4 (M.D. Fla. July 12, 2021). Rather, the Court must review Plaintiff's credit report in its entirety, and in doing so concludes that Plaintiff's credit report is accurate as a matter of law.

Plaintiff does not attempt to distinguish the instant case from the numerous others in which courts have determined that reporting historical account data on closed accounts is neither inaccurate nor misleading. Rather, Plaintiff relies on the dwindling minority of cases in which courts have reached a contrary conclusion. *See* Pl.'s Mem. in Opp'n at 6–11. However, "there has been a growing consensus that a credit report listing a presently-closed account as past due at some point in the past is not 'inaccurate' for purposes of the FCRA when the report, considered as a whole, demonstrates to a reasonable person that the account is, in fact, closed." *Jackson v. Trans Union, LLC*, No. CV 21-023, 2021 WL 5824200, at *6 (E.D. Pa. Dec. 7, 2021). Accordingly, the Court does not distinguish each of the cases cited by Plaintiff. *See Patterson v. Sterling Jewelers Inc.*, No. 21-CV-2138, 2021 WL 4592158, at *3 (E.D. Pa. Oct. 6, 2021) ("Plaintiff's efforts to focus the Court on these cases and ignore the many others that reach a different conclusion . . . are unavailing."). Rather, the Court joins the overwhelming weight of authority and holds that Defendant's reporting on Plaintiff's credit report of a "120 Days Past Due Date" pay status is not "inaccurate" for purposes of the FCRA because the report, considered as a whole, demonstrates to a reasonable person that the information alleged to be inaccurate is clearly historical in nature and it is clear that the account is, in fact, closed. *See Jackson*, 2021 WL 5824200, at *6. Accordingly, Plaintiff has failed to plausibly allege the threshold inaccuracy of his credit report necessary to state a claim pursuant to sections 1681e(b) and 1681i of the FCRA.

**CONCLUSION**

For the foregoing reasons, Defendant TransUnion, LLC's motion for judgment on the pleadings, ECF No. 37, is GRANTED. The Clerk of the Court is directed to enter judgment for the Defendant and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 1st day of February 2023.

                                             */s/ Kari A. Dooley*
                                             KARI A. DOOLEY
                                             UNITED STATES DISTRICT JUDGE